OPINION
{¶ 1} Victoria Harrell appeals from her conviction after a bench trial in the Dayton Municipal Court for obstructing official business, in violation of R.C. 2921.31(A), a second degree misdemeanor. For the following reasons, Harrell's conviction will be affirmed. *Page 2 
 {¶ 2} Harrell's conviction was based upon the testimony of Dayton Police Officer Kenneth Soward, the sole witness at trial. According to Soward's testimony, at 12:56 p.m. on May 23, 2006, Soward and Officer Zimmer arrived at the corner of Second and Jefferson Streets in Dayton, Ohio, where Harrell's vehicle was going to be towed for a parking violation. Soward's purpose was to assist Parking Enforcement Aid Chris Mann with the tow or any problems at the scene. Mann, Harrell, and the tow truck driver were at the scene when Soward arrived. Mann advised Soward that Harrell was the owner of the vehicle at issue, and Soward found the vehicle listed on the City's Tow Sheet. Soward indicated that the City requires vehicles with two or more tickets to be towed.
 {¶ 3} Soward then spoke with Harrell and advised her that her vehicle was on the Tow Sheet for unpaid tickets. He told her that the vehicle would have to be towed unless she could pay the tickets on the vehicle and the "dead run" fee, i.e., the cost for the tow truck to come to the scene. Harrell responded that she did not have the money with her. Soward then reiterated that the vehicle would be towed, and he told the tow truck driver to hook up the car.
 {¶ 4} The tow truck driver asked Soward if he could get the vehicle's keys so that the vehicle could be moved to a position where he could get the blades behind the tires rather than dragged from the curb. Soward asked Harrell for the keys. In response, Harrell got into her vehicle, started it, backed it up, and turned the wheels to the right. Soward observed Harrell moving her head back and forth as if to find a way to pull the vehicle out and leave the scene. Soward went to the driver's door and tried to open it, but it was locked. Soward then knocked on the window and told her to open *Page 3 
the door. Harrell did not comply. Soward also asked her to lower the window, but Harrell did not.
 {¶ 5} Sergeant Stimmel arrived on the scene and told Harrell that he was a supervisor. Harrell lowered her window approximately six inches. Stimmel reached through the window and unlocked the door. Soward pulled the door open, and the officers pulled Harrell from behind the wheel. Harrell struggled and complained. Stimmel told Harrell that she was under arrest, and the officers handcuffed her. Stimmel transported Harrell to the Montgomery County Jail.
 {¶ 6} At the conclusion of trial, the court found Harrell guilty, and it sentenced her to ninety days in jail, of which eighty-nine days were suspended. The court also imposed a fine of $100 and ordered her to complete eight hours of community service.
 {¶ 7} Harrell appeals from her conviction, arguing that the state failed to present sufficient evidence to support a conviction for obstructing official business.
 {¶ 8} "`[Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541, citing Black's Law Dictionary (6th Ed.1990) 1433. When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372,683 N.E.2d 1096, citing Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d. 560. A guilty verdict will not be disturbed on appeal unless "reasonable *Page 4 
minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 9} R.C. 2921.31(A), which sets forth the offense of obstructing official business, provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 10} On appeal, Harrell claims that the state failed to prove two elements of obstructing official business. First, Harrell argues that the state failed to establish that she took any affirmative action to obstruct official business. She argues that she did nothing more than refuse to cooperate. Harrell states:
 {¶ 11} "Officer Soward instructed [Harrell] to get back in her car and turn the wheels in order to make it easier for the tow truck to complete its hook up. After that, all Appellant did was sit in her car and refuse to obey the officer's request that she leave. Such conduct cannot, as a matter of law, constitute obstructing official business." (Citation omitted).
 {¶ 12} As Harrell correctly states, "Ohio courts have consistently held that in order to violate the obstructing official business statute a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's duties, as opposed to merely failing or refusing to cooperate or obey a police officer's request for information." State v.Prestel, Montgomery App. No. 20822, 2005-Ohio-5236, ¶ 16 (citing examples); see, also, State v. Christman, Montgomery App. No. 19039, 2002-Ohio-2915 ("[T]he charge of obstructing official business requires an affirmative act done purposely to hinder the *Page 5 
police from performing their duties, and it is not merely a failure to respond to an officer's request.").
 {¶ 13} We disagree, however, with Harrell's assertion that she did not commit an affirmative or overt act. Contrary to Harrell's argument, Soward did not testify that he instructed Harrell to get into her car and turn the wheels. Rather, Soward stated:
 {¶ 14} "I asked her for the keys at which time she went over to the driver's door and I thought she was going to put the keys in it. She got in and started it up and attempted to back up and I could see her head moving back and forth to find what I thought was a spot that she could exit from and pull the vehicle out to leave the scene."
 {¶ 15} Afterward, Harrell refused to open her door or lower her window when Soward instructed her to do so. Soward testified that the tow truck operator would not hook up a car with a person inside due to safety concerns. Prior to Harrell engaging in this conduct, Soward had instructed the tow truck driver to hook up her vehicle.
 {¶ 16} Based on this evidence, the trier of fact, which in this case was the court, could have reasonably concluded that Harrell, with the purpose to prevent the towing of her vehicle, got into her vehicle, attempted to leave the scene, and refused to exit vehicle. Such conduct constitutes "an act" within the meaning of R.C. 2921.31(A). Accordingly, the state presented sufficient evidence that Harrell committed an affirmative or overt act, as required by R.C. 2921.31(A).
 {¶ 17} Second, Harrell argues that the state failed to establish that she obstructed "a public official in the performance of a public official's lawful duties." She contends that the only individual whose performance was delayed, prevented or *Page 6 
obstructed was the tow truck driver, who is not a public official under R.C. 2921.01(A). She notes that Soward testified that Harrell did not interfere with his conversation with Mann or the tow truck driver, and that he did not hook up Harrell's car himself. Harrell further relies upon the following testimony:
 {¶ 18} "Q: So it would be fair to say that my client's action really just prevented the car from being hooked up to the tow truck?
 {¶ 19} "A: That she was interfering with us getting the tow truck driver to hook the car up. Yes. Her actions interfered with the tow truck driver."
 {¶ 20} Although Harrell focuses on the fact that her actions delayed the tow truck driver from hooking up her vehicle, it is apparent that her actions thereby delayed Mann and Soward in the performance of their duties. The evidence established that Mann's duties required her to tow Harrell's vehicle due to unpaid parking tickets. Soward and Stimmel came to the scene to assist Mann in the performance of that duty. Harrell's conduct clearly obstructed Mann and the officers in the performance of their duties to have her vehicle towed. Although the tow truck driver hooked up the car and not Mann or Soward, Mann and the officers clearly could not proceed with their other duties until the vehicle had been successfully towed. Accordingly, we conclude that the state presented sufficient evidence that Harrell obstructed or delayed the performance of a public official's lawful duties when she entered her vehicle, attempted to move it, and refused to exit it while the parking enforcement aid, police officers, and the tow truck driver were attempting to tow her vehicle.
 {¶ 21} The assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be affirmed. *Page 7 
GRADY, J. and GLASSER, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1