[Cite as *State v. Fader*, 2018-Ohio-4139.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27828 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-2254 |
| | : | |
| RICK T. FADER | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2018.

. . . . . . . . . . .

NOLAN THOMAS, Atty. Reg. No. 0078255, 2325 Wilmington Pike, Kettering, Ohio 45420
        Attorney for Plaintiff-Appellee

RENEE D. BUSSE, Atty. Reg. No. 0092823, 123 Market Street, P.O. Box 910, Piqua,
Ohio 45356
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Rick T. Fader appeals his conviction for one count of obstructing official business, in violation of R.C. 2921.31, a misdemeanor of the second degree. Fader filed a timely notice of appeal with this Court on November 27, 2017.

{¶ 2} Prior to going out on patrol on August 30, 2017, Kettering Police Officer Jesse Anderson was advised by dispatch to be on the lookout for a stolen blue Chrysler PT Cruiser. Officer Anderson testified that his shift lasted from 11:00 p.m. on August 30, 2017, to 7:00 a.m. on August 31, 2017. Shortly before midnight, Officer Anderson observed someone driving a blue PT Cruiser on Woodman Drive near Dorothy Lane in Kettering, Ohio. Officer Anderson turned his marked cruiser around and began following the PT Cruiser. After running the vehicle's license plate through his cruiser's computer, Officer Anderson learned that the vehicle was registered to Rick Fader. Officer Anderson also learned that Fader had an active warrant for his arrest.

{¶ 3} Officer Anderson testified that, at this point, he verified that the physical description of the driver of the PT Cruiser matched Fader's description from the warrant. Officer Anderson testified that he also confirmed that he was within the pick-up radius of the arrest warrant. In order to determine that the driver of the PT Cruiser was Fader, Officer Anderson decided to initiate a stop of the vehicle. Officer Anderson therefore activated his overhead lights and signaled the driver of the PT Cruiser to pull over and stop.

{¶ 4} After the vehicle stopped, Officer Anderson exited his cruiser and spoke with the driver. The driver of the vehicle informed Officer Anderson that he did not have his driver's license; however, he stated that his name was Larry Fader, Sr. The driver also

informed Officer Anderson that the PT Cruiser belonged to his brother. The driver then provided Officer Anderson with a social security number (SSN) and a date of birth. Officer Anderson returned to his cruiser to check the information provided by the driver of the vehicle and discovered that the SSN and date of birth corresponded to an individual named Larry Fader, Jr. Officer Anderson viewed Larry Fader, Jr.'s photograph on the Bureau of Motor Vehicles' website and observed that it did not match the driver of the PT Cruiser. Officer Robinson arrived at the scene of the stop and confirmed to Officer Anderson that the driver of the PT Cruiser did not resemble the photograph of Larry Fader, Jr. In fact, Officer Robinson informed Officer Anderson that he believed the driver of the PT Cruiser to be Rick Fader, based upon prior interactions with him.

{¶ 5} At this point, Officer Anderson approached the PT Cruiser and asked the driver to exit the vehicle. Officer Anderson asked the driver if he was, in fact, Rick Fader. Officer Anderson testified that the driver responded, "No, I'm not. Rick's my brother. What's this all about?" Officer Anderson testified that he informed the driver that there was a warrant out for Rick Fader's arrest. The driver immediately asked what the arrest warrant was for, and Officer Anderson asked him directly whether he was "Rick or Larry." At that point, the driver identified himself as Rick Fader. Having confirmed the driver of the PT Cruiser was Rick Fader, Officer Anderson testified that he arrested Fader and took him into custody. Officer Anderson then transported Fader to the Kettering Jail where, on August 31, 2017, he was charged by complaint with obstructing official business.

{¶ 6} At his arraignment, Fader pled not guilty to the charged offense and was released on his own recognizance. Fader demanded a jury trial which was held on November 1, 2017. Fader represented himself at trial and testified on his own behalf.

Ultimately, Fader was found guilty of obstructing official business. The trial court sentenced Fader to 90 days in jail, 87 days suspended, with one day of jail-time credit, for an aggregate sentence of two days in jail. The trial court also imposed a fine of $100.00. The trial court stayed imposition of Fader's sentence pending the outcome of the instant appeal.

{¶ 7} It is from this judgment that Fader now appeals.

{¶ 8} Fader's sole assignment of error is as follows:

DEFENDANT-APPELLANT'S CONVICTION IS UNSUPPORTED BY SUFFICIENT EVIDENCE, AND MUST BE OVERTURNED.

{¶ 9} In his sole assignment, Fader argues that his conviction for obstructing official business was not supported by sufficient evidence. Specifically, Fader argues that the State failed to prove that he acted without privilege to do so when he provided Officer Anderson with a false identity. Fader also argues that the State failed to adduce sufficient evidence establishing that Fader hampered and/or impeded Officer Anderson in the performance of his duties when Fader provided him with a false identity.

{¶ 10} A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The proper test to apply to such an inquiry is the one set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's

guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 11} The obstructing official business statute provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." R.C. 2921.31(A). For purposes of obstructing official business, R.C. 2921.01 defines a "public official" as "any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers." R.C. 2921.01(A).

{¶ 12} " 'Ohio courts have consistently held that in order to violate the obstructing official business statute a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's duties.' " *State v. Harrell*, 2d Dist. Montgomery No. 21736, 2007-Ohio-4550, ¶ 12, quoting *State v. Prestel*, 2d Dist. Montgomery No. 20822, 2005-Ohio-5236, ¶ 16. The Supreme Court of Ohio has stated that "the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of 2921.31(A)." *State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), syllabus.

{¶ 13} Pursuant to R.C. 2901.22(A), a person acts purposefully if he acts with the "specific intention to cause a certain result." In *State v. Terry*, 2d Dist. Montgomery No.

26722, 2016-Ohio-3484, ¶ 22, this Court noted:

> * * * "Because no one can know the mind of another, a defendant's intent is
> 'not discernible through objective proof.' *State v. Huffman* (1936), 131 Ohio
> St. 27, 1 N.E.2d 313, at syllabus ¶ 4.    Rather, a defendant's intent in acting
> must be 'determined from the manner in which it [the act] is done, the means
> used, and all other facts and circumstances in evidence.' *State v. Wellman*
> (2007), 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 15."
> *State v. McCoy*, 2d Dist. Montgomery No. 22479, 2008-Ohio-5648, ¶ 14.
> As to the required act, "the State must prove not only the commission of an
> overt act done with an intent to obstruct the officers, 'but it also must prove
> that [the defendant] succeeded in actually hampering or impeding them.' "
> *State v. Crawford*, 2d Dist. Montgomery No. 25506, 2013-Ohio-4398, ¶ 21,
> quoting *McCoy* at ¶ 16.    But "this element does not require that the
> [defendant] cause the officers to fail in their duties, but only that, by acting,
> [the defendant] disrupted their performance of them." *Id*.

{¶ 14} Recently, in *State v. Body*, 2018-Ohio-3395 (2d Dist.), __N.E.3d__,  we stated that "R.C. 2921.31(A) thus includes five essential elements: (1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege." *Id.* at ¶ 20, citing *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 21 (10th Dist.).

{¶ 15} We note that in regard to the issue of "privilege" under R.C. 2921.31(A),

other appellate courts have held that the absence of privilege is not an essential element of obstructing official business which the State must prove beyond a reasonable doubt. *State v. Elkins*, 5th Dist. Richland No. 17 CA 59, 2018-Ohio-1267, ¶ 20. Rather, "privilege is more of an affirmative defense or a mitigating circumstance that if shown to exist would prevent an accused from being convicted of obstructing official business." *State v. Gordon*, 9 Ohio App.3d 184, 187, 458 N.E.2d 1277 (1983). In the instant case, however, the record establishes that the trial court instructed the jury that privilege, or the absence thereof, was an element of the offense of obstructing official business which had to be proven beyond a reasonable doubt.

{¶ 16} Upon review, we conclude that the evidence supported a finding that Fader was without privilege to provide Officer Anderson with information about a false identity. The Ohio Supreme Court has said that "[t]he General Assembly has adopted legislation intended to discourage individuals from purposely giving false information that hinders public officials in the performance of their duties. Complete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system. Therefore, we hold that the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.13(A)(3) and 2921.31(A)." *Lazzaro*, 76 Ohio St.3d 261, 266, 667 N.E.2d 384 (1996).

{¶ 17} Upon being pulled over and questioned, Fader affirmatively provided Officer Anderson with his brother's name, SSN, and date of birth. The jury was free to conclude that Fader provided the false identity in an effort to divert Officer Anderson's investigation and avoid being arrested on the outstanding warrant. A trier of fact could therefore

reasonably conclude from the evidence that Fader's misrepresentation of his name, SSN, and date of birth was communicated to Officer Anderson without privilege to do so.

**{¶ 18}** Officer Anderson testified that Fader's decision to provide a false identity impeded his investigation into whether Fader was the individual named in the arrest warrant. While the effect of his conduct was not substantial, the record nevertheless demonstrates that Fader's act of providing a false identity impeded and delayed Officer Anderson's ability to perform his lawful duties. *See State v. McLaughlin*, 2015-Ohio-4611, 48 N.E.3d 987, ¶ 17 (2d Dist.). "We do not hold that any finite period of time constitutes a 'substantial stoppage,' be the delay occasioned by the interference thirty seconds or two minutes. 'If the record demonstrates that the defendant's act hampered or impeded the officer in the performance of his duties, the evidence supports the conviction.' " *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio- 2953, 879 N.E.2d 215, ¶ 18 (1st Dist.).

**{¶ 19}** For the foregoing reasons, we conclude that Fader's conviction for obstructing official business was supported by sufficient evidence. In other words, the State presented sufficient evidence on each element to sustain the verdict as a matter of law, namely that Fader, without privilege, and with purpose to prevent, obstruct, or delay the officer's investigation, impeded Officer Anderson's performance of his duties by providing a false identity.

**{¶ 20}** Fader's assignment of error is overruled.

**{¶ 21}** Fader's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P. J. and HALL, J., concur.


Copies sent to:

Nolan Thomas
Renee D. Busse
Hon. James F. Long