[Cite as *State v. Howell*, 2019-Ohio-1506.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J<br>Plaintiff-Appellee     Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18CA49 |
| LAURIE HOWELL | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Mansfield Municipal
Court, Case No. 17CRB4599



JUDGMENT:              Affirmed

DATE OF JUDGMENT ENTRY:     April 22, 2019


APPEARANCES:


For Plaintiff-Appellee               For Defendant-Appellant

JOHN SPON                    RANDALL E. FRY
Mansfield City Law Director        10 West Newlon Place
38 South Park Street            Mansfield, Ohio  44902
Mansfield, Ohio  44902

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Laurie L. Howell appeals her conviction and sentence entered by the Mansfield Municipal Court on one count of obstructing official business, in violation of R.C. 2921.31, following a bench trial. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** On September 29, 2017, Appellant was charged with obstructing official business, in violation of R.C. 2921.31. Appellant entered a plea of not guilty to the charge on December 6, 2017. After several continuances, the matter proceeded to bench trial on May 16, 2018.

**{¶3}** The following evidence was adduced at trial.

**{¶4}** Corrections Officer Aaron Britt testified he was working the T Corridor at Mansfield Correctional Institution at approximately 6:30 a.m. on October 2, 2016. C.O. Britt stated he had opened the doors to the Segregation Unit to allow food services to enter and proceeded to "strip out" the inmates who assisted in preparing the food trays for the Segregation Units. As C.O. Britt moved to strip out Inmate Martin, the inmate took off running. The inmate exited the shakedown area and ran into the food preparation area. Appellant, an employee of Aramark, the food service provider for the correctional facility, was alone in the room when the inmate entered.

**{¶5}** C.O. Britt pursued the inmate into the food preparation area. The officer tried to gain control over the inmate using verbal commands and by physically restraining him. C.O. Britt activated his "man down" button. A struggle ensued during which Inmate Martin dropped a cell phone. The inmate shouted, "Get it, get it, get it." Appellant yelled, "What's going on?", Appellant then picked up the cell phone and walked over to C.O. Britt, who was still trying to restrain the inmate. C.O. Britt placed his left hand on Appellant's

right arm and instructed her several times to get away. Appellant did not comply with his orders. While the officer's attention was on Appellant, the inmate grabbed the cell phone and destroyed it. C.O. Britt and the inmate continued to struggle, falling onto the floor. C.O. Britt explained inmates are not permitted to have cell phones and cell phones are considered contraband.

{¶6} Trooper Bryan L. Butler of the Ohio State Highway Patrol, Office of Criminal Investigations, testified he investigated the incident and concluded Appellant interfered with C.O. Britt's attempt to subdue the inmate. Off the record, Appellant told Trooper Butler she had had contact with the inmate regarding the criminal case which resulted in his incarceration. Appellant explained to Trooper Butler she was just picking up the cell phone.

{¶7} Appellant testified on her own behalf. Appellant recalled she was working in the Segregation Unit on the day of the incident. Generally two, but sometimes three, inmates work as porters or kitchen help. The inmate had been a porter throughout the time Appellant worked at the correctional facility. As she was working in the food preparation area, the door swung open and the inmate came in followed by C.O. Britt. Appellant recalled C.O. Britt was struggling to handcuff the inmate and was having a difficult time controlling him. Appellant stated she picked up the cell phone and attempted to hand it to C.O. Britt. C.O. Britt grabbed her by the arm, put her in a headlock, and demanded, "What you got, girl, what you got?" Tr. at 38. Appellant tried to hand C.O. Britt the phone, but the inmate grabbed it out of her hand. C.O. Britt released her, pushing her against the counter. Appellant testified she had never seen the phone before and did not know the inmate had a phone. Appellant explained a cell phone is contraband and,

pursuant to her employee handbook, it is her duty to hand over any kind of contraband to a corrections officer. Appellant denied any communications with the inmate.

{¶8} At the close of testimony, the trial court found Appellant guilty and continued sentencing until a presentence investigation was completed. On May 22, 2018, the trial court sentenced Appellant to 90 days in jail and ordered her to pay a $200 fine plus costs.

{¶9} It is from this conviction and sentence Appellant appeals, raising as her sole assignment of error:

THE EVIDENCE IN THIS CASE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF OBSTRUCTING OFFICIAL BUSINESS AND AS A RESULT, THE APPELLANT'S RIGHTS AS PROTECTED BY ARTICLE ONE, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

I

{¶10} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11} Appellant was convicted of obstruction official business, in violation of R.C. 2921.31, which provides:

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

(B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree. If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree.

{¶12} R.C. 2921.31(A) includes five essential elements: (1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege. *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779. "[I]n order to violate the obstructing official business statute a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's duties * * *." *State v. Harrell*, 2d Dist. Montgomery No. 21736, 2007-Ohio-4550, ¶ 12, quoting *State v. Prestel*, 2d Dist. Montgomery No. 20822, 2005-Ohio-5236, ¶ 16.

{¶13} Appellant contends the state failed to establish she acted with the requisite mens rea of purposely. Pursuant to R.C. 2901.22(A), "[a] person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense

is a prohibition against conduct of a certain nature, *regardless of what the offender intends to accomplish thereby*, it is the offender's specific intention to engage in conduct of that nature." (Emphasis added). "Purpose can be established by circumstantial evidence and may be ascertained from the surrounding facts and circumstances of the case." *North Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 85, 677 N.E.2d 1245 (9th Dist. 1996).

**{¶14}** Because no one can know the mind of another, a defendant's intent is "not discernible through objective proof." *State v. Huffman* (1936), 131 Ohio St. 27, 1 N.E.2d 313, at syllabus ¶ 4. Rather, a defendant's intent in acting must be "determined from the manner in which it [the act] is done, the means used, and all other facts and circumstances in evidence." *State v. Wellman* (2007), 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 15. As to the required act, "the State must prove not only the commission of an overt act done with an intent to obstruct the officers, 'but it also must prove that [the defendant] succeeded in actually hampering or impeding them'." *State v. Crawford*, 2d Dist. Montgomery No. 25506, 2013-Ohio-4398, ¶ 21. But "this element does not require that the [defendant] cause the officers to fail in their duties, but only that, by acting, [the defendant] disrupted their performance of them." *Id.*

**{¶15}** Our review of the record in this case demonstrates sufficient evidence was presented to support Appellant's conviction of obstructing official business. C.O. Britt testified Appellant attempted to hand him the cell phone contrary to his repeated instructions for her to move away and despite the fact she observed the corrections officer struggling to control the inmate. Appellant's intent can be inferred from the nature of her conduct in the light of the surrounding facts and circumstances. Additionally, C.O. Britt testified Appellant's conduct "absolutely" had an effect on his ability to subdue the inmate.

**{¶16}** Appellant's sole assignment of error is overruled.

**{¶17}** The judgment of the Mansfield Municipal Court is affirmed.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur