[Cite as *State v. Lanier*, 2022-Ohio-1975.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                            Court of Appeals No.  L-21-1183

    Appellee                                            Trial Court No.  CRB-21-02983 0103

v.

Myron Keith Lanier, Jr.                                **DECISION AND JUDGMENT**

    Appellant                                           Decided:  June 10, 2022

* * * * *

David Toska, City of Toledo Chief Prosecuting Attorney, and
Christopher D. Lawrence, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Myron Keith Lanier, Jr., appeals the September 17, 2021 judgment of the Toledo Municipal Court which, following a bench trial finding him guilty of obstructing official business and criminal trespass, sentenced him to concurrent 90 and 30 day sentences.  Because we find no error, we affirm.

## I. Facts

{¶ 2} On April 9, 2021, appellant was charged with assault, criminal trespass, and obstructing official business following appellant's arrest after refusing to wear a mask, mandated at the time, or leave the Toledo Lucas County Public Library in downtown Toledo, Ohio. Following his not guilty pleas, on September 15, 2021, the matter proceeded to a trial to the court. Testimony was presented by the library's chief security officer and the Toledo Police arresting officer. A body cam video depicting the incident was played for the court and admitted into evidence.

{¶ 3} At the close of the evidence, the court dismissed the assault charge pursuant to Crim.R. 29. Appellant was found guilty of the remaining charges of criminal trespass and obstructing official business. After sentencing, appellant commenced this appeal.

## II. Assignments of Error

I. The trial court erred in failing to order a competency exam for Mr. Lanier.

II. The evidence presented at trial was insufficient to support a conviction for obstructing official business.

## III. Discussion

{¶ 4} In appellant's first assignment of error he contends that the record demonstrates that appellant "expressed numerous indicia of incompetence"; thus, the court's failure to conduct a competency hearing deprived him of his right to a fair trial.

2.

**{¶ 5}** It is undisputed that appellant did not raise the issue of competency in the trial court; accordingly, our review is limited to plain error. *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, 75 N.E.3d 1185, ¶ 67. To establish plain error under Crim.R. 52, a defendant must show a plain or obvious deviation from a legal rule in the trial proceedings that affected the outcome of the trial. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 36.

**{¶ 6}** A defendant is presumed competent to stand trial. R.C. 2945.37(G). R.C. 2945.37(B) provides the mechanism for addressing a defendant's competency:

> In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

**{¶ 7}** A finding of mental incompetency is premised upon

> "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433,

3.

quoting *Dusky v. United States* (1960), 362 U.S. 402, 402, 80 S.Ct. 788, 4

L.Ed.2d 824.

*State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 45.

{¶ 8} To support his argument that a competency hearing was warranted, appellant cites to instances of "confusion" evidenced in the record as to why he was in court, the status of his representation by counsel, and the stage of the proceedings. Reviewing the court proceedings, we conclude that while there was some confusion about which case was currently before the court when others were pending and the fact that he continued to try and argue his case (making cogent arguments) following the close of the testimony demonstrates a lack of familiarity with the legal system, it does not demonstrate appellant's incompetency. Further, appellant's statement: "If you find me guilty, I ain't going to be here" is not necessarily a suicide threat as suggested by appellant.

{¶ 9} Based on the foregoing, we find no plain error in the court's failure to inquire into appellant's competency. Appellant's first assignment of error is not well-taken.

{¶ 10} Appellant's second assignment of error argues that his conviction for obstructing official business was not supported by sufficient evidence. In reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Worley*, 164 Ohio St.3d 589, 2021-Ohio-2207, 174 N.E.3d 754, ¶ 57. When

4.

reviewing for sufficiency, an appellate court "will not weigh the evidence or assess the credibility of witnesses." *State v. Tucker*, 6th Dist. Wood No. WD-16-063, 2018-Ohio-1869, ¶ 23, citing *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 11} In order to prove the charge of obstructing official business, R.C. 2921.31(A), the state must prove: "'(1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege.'" *Brooklyn v. Kaczor*, 8th Dist. Cuyahoga No. 98816, 2013-Ohio-2901, ¶ 7, quoting *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 21 (10th Dist.).

{¶ 12} Appellant argues that he did not act with purpose to delay or prevent the acts of the officers and that he left the library upon being told to leave. The state disputes appellant's interpretation of the events stating that appellant's refusal to leave the library, combined with his pushing away from the officer and flight following notice that he was being placed under arrest was legally sufficient to support the court's guilty verdict.

{¶ 13} Analyzing the obstructing official business elements, courts have specifically found that a defendant's act of fleeing or hiding from officers during performance of their official duties, was considered a purposeful act to hinder or delay. *Kates* at ¶ 24-25; *Toledo v. Phillips*, 6th Dist. Lucas No. L-14-1016, 2015-Ohio-3484, ¶ 16.

5.

**{¶ 14}** Upon review, we agree with the state that sufficient evidence was presented at trial to support the court's finding that appellant obstructed the official duties of the responding Toledo Police officers. Appellant argued with the officers, refused to leave the library, and then fled in order to avoid arrest. Accordingly, appellant's second assignment of error is not well-taken.

## IV. Conclusion

**{¶ 15}** On consideration whereof, we find that the judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                         JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.      _____
CONCUR.                                        JUDGE

_____
                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.