OPINION
{¶ 1} Defendant-appellant, Robert M. Harris, appeals from a judgment of conviction and sentence imposed in the Franklin County Court of Common Pleas on December 13, 2004. Defendant was indicted by the Franklin County Grand Jury on one count of obstructing official business, R.C. 2921.31, a felony of the fifth degree and two counts of failure to comply with an order or signal of a police officer, respectively, felonies of the fourth and third degrees.
 {¶ 2} In writing and in open court, defendant waived trial by jury and consented to a trial to the court. At the close of the state's case-in-chief, the trial court granted defendant's motion for judgment of acquittal as to count three, failure to comply with an order or signal of a police officer.[1] Trial proceeded on the remaining counts. The trial court found defendant guilty of count one, obstructing official business, R.C. 2921.31, a felony of the fifth degree, and count two, failure to comply with an order or signal of a police officer, R.C.2921.331, a felony of the fourth degree. The trial court imposed a sentence of six months on count one and a consecutive sentence of ten months on count two. Defendant was credited with 454 days for pretrial confinement and further imposition of the sentence was suspended. Defendant filed a timely notice of appeal and seeks reversal of the judgment.
 {¶ 3} The state presented the testimony of Bela and Albesh Chavda, and five police officers. Mr. and Mrs. Chavda were involved in a minor traffic accident as they were turning into the Columbus Metropolitan Library at McMillen and North High Street. They moved their car into the parking lot where Columbus Police officer Michael Robison began to collect information to fill out a traffic accident report. Mrs. Chavda's purse was in their car, but the doors were not locked.
 {¶ 4} As they were providing information to the police officer, Mrs. Chavda saw someone "sticking up" at the front of their car. She mentioned it to her husband. Mr. Chavda went to the front of the car and found appellant sitting on the ground. Mr. Chavda asked appellant what he was doing there. Appellant said it was a nice, sunny day and he was just sitting there. Appellant then got up and began walking away from Chavda's car.
 {¶ 5} Mr. Chavda bent down and saw his wife's purse on the ground where appellant had been sitting. Mr. Chavda shouted to Officer Robison and said he thought appellant had stolen his wife's purse from their car. Officer Robison immediately exited his cruiser and approached appellant who was getting into his car. Officer Robison called for appellant to stop, that he wanted to speak with him. Appellant said he had not done anything, started his car and began to back up. Officer Robison continued to order appellant to stop. Appellant backed his vehicle very close to Officer Robison, almost hitting him, continued past the officer and came to a halt. Officer Robison stepped in front of appellant's car and put his foot on the bumper. Appellant began driving forward toward Officer Robison. Thinking that appellant was trying to hit him with the car, Officer Robison began to draw his service pistol. Appellant put the car in reverse, rapidly left the parking lot and drove off on High Street.
 {¶ 6} A police helicopter unit followed appellant until other patrol officers stopped him and took him into custody. Just before he was stopped, appellant threw a baggie of marijuana from the window that was retrieved by Officer Eric David. Another officer removed appellant from the vehicle as Officer David approached appellant and said: "I got your dope, too." Appellant replied: "That ain't mine. It fell from that purse." Officer David asked appellant what purse he was referring to and appellant just shook his head and said: "Oh, man."
 {¶ 7} Appellant raises four assignments of error:
[I.] APPELLANT'S CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
[II.] APPELLANT'S CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
[III.] APPELLANT'S CONVICTION FOR THE FELONY OF FAILING TO COMPLY WTH AN ORDER OF A POLICE OFFICER IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
[IV.] APPELLANT'S CONVICTION FOR THE FELONY OF FAILING TO COMPLY WITH AN ORDER OF A POLICE OFFICER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} The first and second assignments of error are interrelated. The parties have addressed them together.
 {¶ 9} In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court reviewed the tests for sufficiency of the evidence and weight of the evidence. The concepts are quantitatively and qualitatively different. A majority of a panel of a court of appeals is required to reverse on sufficiency of the evidence. To reverse a jury verdict on the weight of the evidence, a concurrence of all three judges on a panel of the court of appeals is required. Thompkins, paragraphs three and four of the syllabus. The instant appeal results from a bench trial. Therefore, in this case, unanimity is not required to reverse either on weight or sufficiency of the evidence.
 {¶ 10} The Due Process Clause requires that a conviction be supported by sufficient evidence.
A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law.
State v. Thompkins (1997), 78 Ohio St. 3d 380, 386 * * *; State v.Martin (1983), 20 Ohio App.3d 172, 175 * * *. In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St. 3d 259 * * *, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307 * * *.
A claim that a jury verdict is against the manifest weight of the evidence, on the other hand, involves a separate and distinct test which is much broader. "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins, 78 Ohio St.3d at 387 * * *, quoting Martin,20 Ohio App.3d at 175 * * *.
State v. Scott, 101 Ohio St.3d 31, 2004-Ohio-10, ¶ 31-32.
 {¶ 11} Appellant was convicted of obstructing official business. The offense of obstructing official business is set forth in R.C. 2921.31 and provides as follows:
(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
(B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree. If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree.
 {¶ 12} Appellant argues that because Officer Robison did not have probable cause to arrest him for any crime, Officer Robison's authority was limited to an investigatory stop under Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868. In his brief, appellant states "the weight of well-reasoned authority holds that mere flight from a Terry stop does not constitute obstructing official business." Appellant relies upon Statev. Gillenwater (Mar. 27, 1998), Highland App. No. 97 CA 0935 and Statev. Smith (Mar. 31, 2000), Allen App. No 1-99-65. (Appellant's brief, at 11.)
 {¶ 13} Initially, it is questionable whether the Gillenwater andSmith decisions qualify as "the greater weight of authority" as appellant suggests. The reasoning of Gillenwater was rejected by the Hamilton County Court of Appeals in State v. Lohaus, Hamilton App. No. C-020444, 2003-Ohio-777. ("We do not find Gillenwater to be compelling authority.") Similarly, the Second Appellate District has expressed "reservations about the soundness of Gillenwater." State v. Richards, Darke App. No. 1557, 2002-Ohio-2162. In Smith, two members of that panel concurred, while the dissent specifically rejected the rationale of Gillenwater.
 {¶ 14} In State v. Zefi, (Mar. 15, 2001), Franklin App. No. 00AP-950, this court noted that "[t]he elements of the offense of obstructing official business are an unprivileged act by the defendant, done with a purpose to prevent, obstruct or delay the performance of a public official, and a showing that such act actually hampers or impedes the public official in the performance of his or her duties." One cannot be guilty of obstructing official business by doing nothing, because the test of the statute specifically requires the offender to act. While mere refusal to answer questions does not amount to obstructing official business, where an individual takes affirmative action to hamper or impede the police from finding out his or her identity, the defendant may be found guilty of obstructing official business. Id.
 {¶ 15} Under the test set out by this court in Zefi, it is logical to conclude that where a police officer has the lawful right to temporarily detain a suspect under the Terry doctrine, the act of fleeing from that officer is not a mere refusal to answer questions. Fleeing under those circumstances is an affirmative act and that affirmative act hampers or impedes the police officer from performing the officer's official duties. Therefore, we decline to follow the reasoning of the Fourth District Court of Appeals in Gillenwater.
 {¶ 16} Instead, we hold that fleeing from a police officer who is lawfully attempting to detain the suspect under the authority of Terry,
is an affirmative act that hinders or impedes the officer in the performance of the officer's duties as a public official and is a violation of R.C. 2921.31, obstructing official business. Appellant's act in fleeing from Officer Robison was an affirmative act that hindered or impeded Officer Robison in the performance of his official duties. That act alone supports the guilty finding on count one, obstructing official business.
 {¶ 17} Moreover, in this case, the record on appeal demonstrates that appellant did not simply flee from Officer Robison's attempt to affect aTerry stop. Appellant also acted affirmatively by driving his car forward toward the officer before reversing and leaving the scene. That additional fact distinguishes this case from appellant's decisional authority. There were sufficient affirmative acts taken by appellant to support the trial court's judgment of conviction for obstructing official business.[2]
 {¶ 18} Under the test set out in Thompkins, we have viewed the evidence in a light most favorable to the prosecution and conclude that a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. Therefore, we find that the evidence in this case is sufficient as a matter of law to support the judgment of the trial court. Hence, the first assignment of error is overruled.
 {¶ 19} We next examine whether the judgment of the trial court is against the manifest weight of the evidence. We again apply the test ofThompkins to determine this question which is qualitatively and quantitatively different from the test for sufficiency of the evidence. Under Thompkins, we must evaluate and weigh the evidence presented in the trial court, consider the credibility of each witness and resolve any conflicts in the testimony. Having done so, we find that appellant's explanation of the events is not credible.
 {¶ 20} Appellant was identified as the person crouched or sitting next to the front of the Chavda's car, precisely where Mrs. Chavda's purse was found. The purse had been in Mrs. Chavda's car only a short time before. Appellant's testimony that he was in his car, had turned up the volume of his radio and did not hear Officer Robison call to him, is not credible. Officer Robison testified that he called out to appellant just as appellant reached or was getting into his car. We find Officer Robison's testimony more credible.
 {¶ 21} Appellant testified that he did not see the uniformed officer standing immediately in front of his car because he had lowered his sun visor. This testimony is patently false. To believe appellant's testimony, one must accept that appellant could not see Officer Robison standing immediately in front of his car, but could see the roadway immediately in front of his car in order to drive. To believe appellant, we would have to accept that appellant was driving blindly forward without the ability to see where he was going. Appellant's version of events is not credible. We resolve the conflict between his testimony and that of the other witnesses in favor of the state.
 {¶ 22} Having reviewed the entire record, including the reasonable inferences to be drawn from the evidence, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice. The judgment of the trial court is not against the manifest weight of the evidence. Therefore, the second assignment of error is overruled.
 {¶ 23} In his third and fourth assignments of error, appellant urges that his conviction for failure to comply with an order or signal of a police officer is not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 24} Appellant first argues that his conduct was not willful; that he was unaware of Officer Robison's presence or of the fact that Officer Robison was attempting to stop him and therefore, his conviction for failing to comply with an order or signal of a police officer is not supported by sufficient evidence and/or is against the manifest weight of the evidence. We have discussed the standard of review for both claims and have noted the relevant testimony above. Upon review, there was sufficient evidence presented on each element of the offense to allow a rational trier of fact to find appellant guilty of the crime of failure to comply with an order or signal of a police officer.
 {¶ 25} Additionally, appellant's conviction is not against the manifest weight of the evidence. Having reviewed the entire record, weighed the evidence, the credibility of the witnesses and resolved any conflicts therein, we cannot say that the trier of fact lost its way and created a manifest miscarriage of justice. The trier of fact was not required to believe appellant's explanation and, as seen above, appellant's testimony that he could not see or hear the officer is not credible. A rational trier of fact could find that appellant was well aware that Officer Robison was trying to stop him from leaving the scene of what reasonably could be considered a theft offense and that he failed to comply with Officer Robison's order to stop.[3]
 {¶ 26} Finally, appellant takes the position that even if the evidence supports a charge of failure to comply with an order or signal of a police officer, R.C. 2921.331, there is insufficient evidence to support the conviction at the felony level. Appellant presents two theories upon which he bases his argument.
 {¶ 27} First, appellant notes that to be a felony, a violation of R.C. 2921.331(B) must include an allegation under subparagraph (C)(4) that the accused willfully eluded or fled a police officer immediately after the commission of a felony. Appellant reasons that his conviction for obstruction of official business is not supported by sufficient evidence and is against the weight of the evidence. See appellant's assignments of error one and two. Therefore, the state failed to prove that appellant was fleeing after the commission of a felony.
 {¶ 28} Second, appellant argues that even if the obstruction charge were found to be a felony, the evidence failed to demonstrate that his flight occurred immediately after the commission of a felony because the same conduct, fleeing from Officer Robison, constitutes both the obstruction and the fleeing charges. Hence, appellant believes his conviction should be reduced to a misdemeanor of the first degree.
 {¶ 29} We have determined that there was sufficient evidence to support the conviction of obstructing official business and that the judgment of the common pleas court was not against the manifest weight of the evidence. Under the facts of this case, appellant committed the offense of obstructing official business. Because the offense created a risk of physical harm to Officer Robison, the offense is a felony of the fifth degree. R.C. 2921.31(B). Therefore, the first portion of appellant's argument is rejected.
 {¶ 30} In the second prong of his argument, appellant states that both charges were premised upon appellant fleeing from Officer Robison. Because his flight supported both the obstructing justice and failure to comply offenses, the failure to comply offense could not have occurred "immediately after the commission of a felony." R.C. 2931.331(C)(4). (Emphasis added.)
 {¶ 31} Initially, we note that neither the Jeopardy Clause of the Fifth Amendment nor Section 10, Article I, of the Ohio Constitution are implicated by appellant's convictions for both the offense of obstructing official business and the offense of failure to comply with an order of a police officer. A legislature may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under Blockburgerv. United States (1932), 284 U.S. 299, 52 S.Ct. 180 without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution. Albernaz v. United States (1981), 450 U.S. 333,101 S.Ct. 1137. Where a legislature intends to permit cumulative punishments for such crimes, the Blockburger test yields to the intent of the legislative body. Albernaz, at 340.
 {¶ 32} To discern the intent of the legislature, we must apply the Ohio Multiple Count Statute, R.C. 2941.25. In the abstract, the statutory elements of obstructing official business and of failure to comply with an order of a police officer do not correspond to the degree that the commission of one offense will result in the commission of the other offense. Therefore, the crimes of obstructing official business and failure to comply with an order of a police officer are not crimes of similar import. Conviction for both offenses is permitted under R.C.2941.25 and, therefore, comports with the Jeopardy Clause of the Fifth Amendment. See State v. Rance (1999), 85 Ohio St.3d 632.
 {¶ 33} Appellant argues that the facts do not show that he fled "immediately after" committing the obstructing offense. We find that appellant committed the offense of obstructing official business when he ignored repeated commands to stop and drove his car toward Officer Robison. At that point, no further evidence was necessary and the offense of obstructing official business was complete. Thereafter, appellant backed his car away and fled from the officer. The fleeing offense took place after commission of the offense of obstructing official business, a felony. Therefore, the fleeing offense rises to the felony level.
 {¶ 34} The third and fourth assignments of error are overruled.
 {¶ 35} Having considered and overruled each of appellant's assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] The court did so based on appellant's argument that a Bill of Particulars provided by the prosecution stated that the events underlying the third count took place on East Long Street and there was no evidence that appellant failed to comply with any order to stop at that location. (Tr. 120-122.)
[2] Although appellant does not argue this point, we note that appellant's act of driving his car toward Officer Robison who was standing immediately in front of the vehicle is an act that "creates a risk of physical harm to any person." Therefore, the offense is a felony of the fifth degree. R.C. 2921.31(B).
[3] In fact, despite the fact that Officer Robison felt he lacked probable cause to arrest appellant, it can be argued that probable cause did exist. The officer knew from Mr. and Mrs. Chavda that her purse had been in the car and was found outside the car immediately next to where appellant had been seated. Appellant left the scene hurriedly when Mr. Chavda confronted him. Considering the test for probable cause, it readily can be argued that appellant probably stole Mrs. Chavda's purse.