JOURNAL ENTRY and OPINION
{¶ 1} When a large fight broke out at a gas station, six different city of East Cleveland police cruisers responded and circled the area. One of the officers ordered defendant Mario Freeman, a participant in the melee, to stop and show his hands. Freeman ignored the order, entered a nearby car, and attempted to escape. In doing so, he rammed three police cruisers, dragged an officer who had reached into the car to turn off the ignition, and crashed into a gasoline pump before being arrested as he ran away. A jury found Freeman guilty of failure to comply with a lawful order of a peace officer and obstructing official business, but acquitted him of felonious assault charges. Both counts contained specifications that Freeman caused a substantial risk of serious physical harm to persons or property. In this appeal, Freeman makes two related arguments: that the offenses were allied offenses of similar import and that the offenses should have merged for sentencing purposes.
 I {¶ 2} Freeman's first argument contains two interrelated components. First, he maintains that obstructing official business is a "general" crime that is subsumed within the more specific offense of failure to comply. Second, he maintains that even if the offenses are not general/specific, they were nonetheless allied offenses of similar import under the Double Jeopardy Clause of the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 3} In State v. Harris, Franklin App. No. 05AP-27,2005-Ohio-4553, the Franklin County Court of Appeals considered the same argument and rejected it. The court of appeals stated:
 {¶ 4} "Initially, we note that neither the Jeopardy Clause of the Fifth Amendment nor Section 10, Article I, of the Ohio Constitution are implicated by appellant's convictions for both the offense of obstructing official business and the offense of failure to comply with an order of a police officer. A legislature may prescribe the imposition of cumulative punishments for crimes that constitute the same offense underBlockburger v. United States (1932), 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306, without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution. Albernaz v. United States (1981), 450 U.S. 333,101 S.Ct. 1137, 67 L.Ed.2d 275. Where a legislature intends to permit cumulative punishments for such crimes, the Blockburger
test yields to the intent of the legislative body. Albernaz, at 340.
 {¶ 5} "To discern the intent of the legislature, we must apply the Ohio Multiple Count Statute, R.C. 2941.25. In the abstract, the statutory elements of obstructing official business and of failure to comply with an order of a police officer do not correspond to the degree that the commission of one offense will result in the commission of the other offense. Therefore, the crimes of obstructing official business and failure to comply with an order of a police officer are not crimes of similar import. Conviction for both offenses is permitted under R.C.2941.25 and, therefore, comports with the Jeopardy Clause of theFifth Amendment. See State v. Rance (1999), 85 Ohio St.3d 632,1999-Ohio-291, 710 N.E.2d 699." Id. at ¶ 31-32.
 {¶ 6} We fully agree with Harris. Failure to comply and obstruction of official business are two separate offenses, with no correspondence between elements. That being the case, we see no basis for invoking R.C. 1.51 to determine whether one of the offenses is "general" and therefore subsumed within the other more specific one. Both of the charged offenses have different identities and elements. These offenses are no more "general/specific" than assault would be considered general in nature to murder.
 II {¶ 7} Freeman next argues that the separate counts of failure to comply and obstruction with official business should have merged for sentencing purposes. He concedes that counsel did not raise this issue at trial, but argues that but for counsel's failure to object at sentencing, the court would have merged the offenses.
 {¶ 8} As the state correctly points out, once a conclusion is reached that the failure to comply and obstructing official business counts are not allied offenses of similar import, any argument relating to the merger of sentences under R.C.2941.25(B) is necessarily vitiated. See State v. Banks,
Cuyahoga App. Nos. 81679, 81680, 2003-Ohio-1530, at ¶ 41.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., concur.