OPINION
{¶ 1} Defendant-Appellant Laron Branham appeals from his conviction for Obstructing Official Business. Branham contends that his trial counsel was ineffective for having failed to move to suppress evidence. He further contends that his conviction is not supported by sufficient evidence. We conclude that upon this record Branham *Page 2 
has failed to establish that his trial counsel was ineffective for having failed to move to suppress, because the record does not suggest any reasonable likelihood that a motion to suppress would have been successful. We further conclude that the evidence in the record supports the conviction. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} One day in July, 2007, Dayton police officer Molly Hamby and her partner were dispatched to an apartment on a drug complaint. When the officers arrived, Officer Hamby saw Branham and another person sitting on the back steps smoking what appeared to be marijuana. As soon at the two men saw the officers, they ran into the apartment (which was leased to an unidentified individual) and locked the door. When the officers neared the porch, they recognized the distinctive smell of marijuana. Officer Hamby repeatedly knocked on the door, identifying herself and her partner, and asking the suspects to open the door. They consistently refused, causing Officer Hamby to call for her supervisor. In the meantime, someone inside the apartment called 911 for assistance.
 {¶ 3} Officer Hamby explained that had Branham cooperated, it would have taken only a few minutes to write out a misdemeanor citation for the possession of marijuana. Instead, Branham's repeated refusal to open the door caused what should have been a few minutes of the two officers' time to drag into to an hour for the two officers and most of an hour for their sergeant. Once the sergeant arrived, the suspects opened the door. Branham was arrested for Obstruction of Official Business.
 {¶ 4} The case was tried to the bench; Branham was found guilty and sentenced accordingly. Branham appeals. *Page 3 
 II {¶ 5} Branham's Second Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING CONVICTIONS BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO CONVICT DEFENDANT OF OBSTRUCTING OFFICIAL BUSINESS."
 {¶ 7} In his Second Assignment of Error, Branham maintains that his conviction is not supported by sufficient evidence. After a review of the evidence in the record, we find that the State offered sufficient evidence to warrant submitting the matter to a finder of fact, and that the conviction is supported by sufficient evidence.
 {¶ 8} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 9} Branham was found guilty of obstructing official business in violation of R.C. § 2921.31(A), which states that: "No person, without privilege to do so and with *Page 4 
purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." Branham claims that the officers had no authority to compel his cooperation in their investigation. The essence of his argument is that because Officer Hamby did not order him to stop before he entered the apartment, once he entered she could not force him to cooperate with her investigation without an arrest or search warrant or the permission of the apartment leaseholder to enter the apartment.
 {¶ 10} "[F]leeing from a police officer who is lawfully attempting to detain the suspect . . ., is an affirmative act that hinders or impedes the officer in performance of the officer's duties as a public official and is a violation of R.C. 2921.31, obstructing official business."State v. Kates (2006), 169 Ohio App.3d 766, 2006-Ohio-6779, ¶ 24, citingState v. Harris, Franklin App. No. 05AP-27, 2005-Ohio-4553. See, also,State v. Cobb, Montgomery App. No. 19474, 2003-Ohio-3034, ¶ 13, citations omitted (flight from officer after being observed jaywalking is itself legally sufficient to support a conviction for obstructing official business).
 {¶ 11} In this case the officers were responding to a drug complaint. Upon their arrival at the apartment, the officers saw Branham smoking what looked like a marijuana cigarette. When the officers began to approach the building, Branham fled inside the apartment and locked the door. When the officers reached the door, they could smell the distinctive aroma of marijuana. Branham's flight alone may have been enough to support his conviction for Obstructing Official Business, but he then also refused for nearly an hour to comply with the officers' repeated requests to open the door and talk *Page 5 
to them.
 {¶ 12} Branham has not cited any authority, and we are aware of none, supporting his proposition that a police officer investigating a misdemeanor offense observed by that officer must first obtain a warrant to search a residence before the officer is entitled to the reasonable co-operation of the suspected misdemeanant within the residence. A warrant is required, with some exceptions, of course, before a police officer may forcibly enter a residence, but that is not what Officer Hamby did; she did not enter the apartment into which Branham had fled; she sought his co-operation with her official duty to cite Branham for the violation, by Branham's responding to her knocks on the door, which Branham was reasonably required to do under these circumstances.
 {¶ 13} Considering the evidence in a light most favorable to the State, a rational trier of fact could have found that the essential elements of Obstructing Official Business were proven beyond a reasonable doubt. This is not one of those exceptional cases warranting reversal. Branham's Second Assignment of Error is overruled.
 II {¶ 14} Branham's First Assignment of Error:
 {¶ 15} "APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO FILE A TIMELY MOTION TO SUPPRESS."
 {¶ 16} In his First Assignment of Error, Branham contends that he was denied his right to effective assistance of trial counsel because counsel failed to file a motion to suppress. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. Trial counsel is entitled to a *Page 6 
strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id.
 {¶ 17} The Supreme Court of Ohio has held that neither the failure to file a motion to suppress, nor the withdrawal of a motion to suppress amounts to ineffective assistance of counsel "when doing so was a tactical decision, there was no reasonable probability of success, or there was no prejudice to the defendant." State v. Nields,93 Ohio St.3d 6, 34, 2001-Ohio-1291, citations omitted. Branham fails to demonstrate that counsel's failure to file a motion to suppress was anything more than a tactical decision. He does not specify what evidence should have been suppressed, just that a motion should have been filed because the officers had no authority to require him to open the apartment door in order to complete their investigation. As discussed more fully in response to Branham's Second Assignment of Error challenging the sufficiency of the evidence, on this record there is no reasonable likelihood that such a motion would have been successful. The officers were not seeking to enter the apartment without a warrant; they were seeking to have Branham come to the door so that they could perform their official duty by issuing him a citation for the misdemeanor marijuana violation, for which they did not need a warrant.
 {¶ 18} Because there is no reasonable likelihood that a motion to suppress would have been granted, trial counsel was not ineffective for having failed to file a motion to suppress on Branham's behalf. Accordingly, Branham's First Assignment of Error is overruled.
 III *Page 7 {¶ 19} Both of Branham's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Patrick J. Bonfield
Deidre Logan
Amy B. Musto
Virginia L. Crews
 Hon. Dennis J. Greaney *Page 1