[Cite as *Toledo v. Phillips*, 2015-Ohio-3484.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo                                              Court of Appeals No. L-14-1016

        Appellee                                      Trial Court No. CRB-13-20589-0102

v.

James Phillips                                             **DECISION AND JUDGMENT**

        Appellant                                      Decided:  August 26, 2015

* * * * *

Kelli S. Jelinger, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Toledo Municipal Court.  Following a bench trial, the court found defendant-appellant, James Phillips, guilty of obstructing official business and criminal trespass, and sentenced him to a total of 120 days incarceration.

**{¶ 2}** Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel for appellant asserts that after a conscientious examination of the trial court record, she has concluded that there are no arguable merits to the case. Counsel for appellant has, however, consistent with *Anders*, asserted two potential assignments of error:

1. Whether the trial court erred by improperly denying appellant's motion to dismiss for want of prosecution.

2. Whether the trial court erred in denying the appellant's Rule 29 motion.

**{¶ 3}** *Anders, supra*, and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders, supra*, at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, she should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous.

2.

If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in *Anders*. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 5} On December 4, 2013, appellant was charged with obstructing official business in violation of Toledo Municipal Code 525.07(A), a second degree misdemeanor (case No. CRB-13-20589-0102), and criminal trespass in violation of Toledo Municipal Code 541.05(A)(4), a fourth degree misdemeanor (case No. CRB-13-20589-0202). Appellant had been arrested on those charges the previous day and booked into the Lucas County Corrections Center, where he remained until his trial. The cases were originally scheduled for trial on December 13, 2013, but were reset for trial on January 3, 2014. A docket entry dated December 16, 2013 regarding the rescheduling reads: "On Court's own motion and pursuant to ORC 2945.72(H), case to be set out of time on first available date due to Court's schedule."

{¶ 6} On the morning of January 3, 2014, the cases came before the court for trial. At that time, appellant was also charged with criminal damaging. The victim of the

3.

criminal damaging case, as well as the arresting officers, did not appear for the trial. The court noted that the case was out of time and appellant's counsel moved to dismiss for want of prosecution and speedy trial violations. Following a bench conference, however, the parties agreed to try the case that afternoon.

{¶ 7} That afternoon, the case was tried to the court. Because the victim of the criminal damaging case again failed to appear, that case was dismissed. Appellee then called Officer Kevin J. Gracely to testify on behalf of the city. Gracely testified that on December 3, 2013, he was on his regular patrol when he received a call of an unwanted person on the property of 729 Walnut Street, in the Cherry Wood public housing project in Toledo, Ohio. Gracely stated that as he and his partner approached the building, appellant was exiting the building. The officers asked appellant if he lived there and he responded that he did not. The officers then told appellant that he needed to leave the premises and not return. The officers went to the door and spoke with a woman who reported that appellant was her ex-boyfriend and that he had come over and would not leave. The officers then left, but within five minutes, the officers received a second call reporting that the same individual was at the same address. Gracely testified that when he and his partner arrived at the address, appellant was again on the property pounding on the door, but upon seeing the officers, he took off running. The officers ordered him to stop. He did not comply. The officers then chased and eventually apprehended appellant.

4.

{¶ 8} Appellant testified in his own defense at the trial below. Appellant stated that he has family members throughout the neighborhood, but denied having been at 729 Walnut Street during the officers' first encounter with him and denied having spoken with the officers during that first encounter. Appellant testified that he ran from the officers prior to his arrest because they came at him aggressively. He described the victim as a friend and "associate," but denied knowing if she lives at 729 Walnut.

{¶ 9} At the conclusion of the case, the court found appellant guilty of both offenses. Prior to sentencing him, the court reviewed appellant's lengthy criminal record and noted that it included a domestic violence charge, in which the victim was the same woman who was the resident of 729 Walnut in these cases. The court then sentenced appellant to 90 days incarceration on the obstructing charge and 30 days on the criminal trespass charge. The court determined that based on appellant's criminal record and his failure to comply with prior court orders, a consecutive sentence was necessary, and gave him 31 days credit for time he had already spent incarcerated while awaiting trial.

{¶ 10} In his first proposed assignment of error, appellant questions whether the trial court erred in denying his motion to dismiss on speedy trial grounds.

{¶ 11} R.C. 2945.71(B)(2) requires that a person facing criminal charges for a second-degree misdemeanor be brought to trial "[w]ithin ninety days after the person's arrest or service of summons * * *." The statute further provides under division (E), that for purposes of computing time under division (B), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

5.

Finally, R.C. 2945.72(H) permits a trial court to sua sponte grant a continuance for its own purposes, and thereby toll the speedy trial time, as long as the delay is "reasonable and only when the continuance [is] made by journal entry prior to the expiration of the time limit." *State v. King*, 70 Ohio St.3d 158, 162, 673 N.E.2d 903 (1994).

{¶ 12} Appellant was arrested on December 3, 2013, and remained in custody until the day of trial. Accordingly, the three-for-one provision of R.C. 2945.71 required that appellant be brought to trial within 30 days of his arrest. The record demonstrates that although appellant was not brought to trial within 30 days of his arrest, the court properly continued the case by a journal entry prior to the expiration of the time limit. Appellant's right to a speedy trial was not violated, and the proposed first assignment of error has no merit.

{¶ 13} Under his second proposed assignment of error, appellant questions whether the trial court erred in denying his Crim.R. 29 motion to dismiss.

{¶ 14} A Crim.R. 29 motion to dismiss challenges the sufficiency of the evidence presented at trial. *State v. Lockett*, 6th Dist. Sandusky No. S-02-036, 2003-Ohio-3101, ¶ 10. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997) (Cook, J., concurring); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, fn.4, 684 N.E.2d 668 (1997).

6.

**{¶ 15}** Appellant was convicted of obstructing official business and criminal trespass, in violation of the Toledo Municipal Code. Toledo Municipal Code 525.07, proscribes obstructing official business as follows:

> (a) No person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.

**{¶ 16}** That provision is identical in relevant part to R.C. 2921.31. "'[F]leeing from a police officer who is lawfully attempting to detain [a] suspect * * *, is an affirmative act that hinders or impedes the officer in performance of the officer's duties as a public official and is a violation of R.C. 2921.31, obstructing official business.'" *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 24, quoting *State v. Harris*, 10th Dist. Franklin No. 05AP-27, 2005-Ohio-4553, ¶ 16. The evidence presented at the court below established that appellant fled from Officer Gracely and his partner when they returned to the address the second time, and he continued to run when the officers ordered him to stop. That evidence was sufficient to support a conviction for obstructing official business.

**{¶ 17}** Toledo Municipal Code 541.05 prohibits criminal trespass and provides in relevant part:

> (a) No person, without privilege to do so, shall do any of the following:

7.

\* \* \*

(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.

{¶ 18} That statute is identical in relevant part to R.C. 2911.21. In our view, the evidence submitted at the trial below was sufficient to support a conviction for criminal trespass. Appellant was on the land of another, was not authorized or privileged to be there, and was told by officers to leave the premises. Following that order, appellant returned to the residence and again pounded on the door. The court did not err in denying appellant's motion for acquittal and the second proposed assignment of error has no merit.

{¶ 19} Upon our own independent review of the record, as required by *Anders*, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                           JUDGE

Thomas J. Osowik, J.

                                                   _____
James D. Jensen, J.                                    JUDGE
CONCUR.

                                                   _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.