[Cite as *State v. Benton*, 2018-Ohio-2042.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27592 |
| | : | |
| v. | : | T.C. NO. 2017-CR-312/2 |
| | : | |
| RICHARD BENTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 25th day of May, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Fifth Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ANDREW SCHLUETER, Atty. Reg. No. 0086701, P.O. Box 96, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the May 19, 2017 Notice of Appeal of Richard Benton, filed by appointed counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Benton's appeal is addressed to his May 9, 2017 judgment entry of conviction, issued following a jury trial, on one count of obstructing official business, in violation of R.C. 2921.31(A), a felony of the fifth degree. Benton received a sentence of 12 months. Counsel for Benton asserts that he "has reviewed the original court file, as well as the transcript of proceedings prepared in this case, and can find no error by the trial court prejudicial to Mr. Benton's rights which may be argued on appeal." This Court notified Benton on December 12, 2017 that counsel asserted an inability to find any meritorious claim to present and granted Benton 60 days to file a pro se brief assigning any errors for review. None has been received. Counsel for Benton presents two potential assignments of error.

**{¶ 2}** "We are charged by *Anders* to determine whether any of these issues are 'wholly frivolous.' *Id.*, at p. 744. If we find that any of them involve legal points that are arguable on their merits, and therefore are not wholly frivolous, per *Anders* we must appoint other counsel to argue the appeal. *Id.*" *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 2. As this Court further noted in *Pullen*, ¶ 4:

> *Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in arguable merit merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

{¶ 3} The record reflects the following facts. On or about January 26, 2017, police officers associated with the Montgomery County R.A.N.G.E. (Regional Agencies Narcotic and Gun Enforcement) Task Force attempted to serve an arrest warrant on the target of a drug trafficking investigation. Based upon information provided by a confidential informant regarding the suspect's whereabouts, the officers conducted an undercover operation at a hotel near the Dayton Mall. In the course of their surveillance, they observed a white truck, associated with the target, pull into the hotel parking lot. Three men exited the truck and proceeded to a room on the fourth floor. Officers believed that one of the three occupants of the truck matched the description of their suspect. The officers requested a marked Ohio State Highway Patrol ("OSHP") cruiser to assist them in detaining the occupants of the truck for further investigation. Shortly thereafter, the occupants of the truck returned to it. An OSHP patrolman then arrived in full uniform in a marked cruiser with lights and siren activated and stopped behind the now-occupied truck. In the course of the ensuing confrontation, the driver of the truck rammed an officer's vehicle, drove directly toward another officer who was on foot, and shots were fired by members of law enforcement. Benton and another occupant then fled from the truck, scaled a chain-link fence, and sprinted headlong into traffic on Interstate 75. Benton and his companion crossed all six northbound and southbound lanes of the interstate. Once on the other side of the highway, Benton was confronted by an officer and taken into custody.

{¶ 4} A witness in a nearby office building heard gunshots from the hotel parking lot, looked out his fifth-floor office window, and observed several police cruisers with flashing lights in the hotel parking lot. The witness then observed two individuals fleeing

on foot who climbed a fence and ran towards the interstate. The witness observed the defendant point what appeared to be a gun at oncoming drivers, and he observed vehicles swerve and slow to evade the fleeing men.

{¶ 5} At trial, Benton's position was that his conduct in fleeing from the officers rose to the level of privilege growing out of necessity.

{¶ 6} Counsel for Benton's first potential assignment of error is as follows:

MR. BENTON'S CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} Counsel for Benton acknowledges that the "only evidence presented at trial supports the state's theory of the case."

{¶ 8} As this Court has previously noted:

* * * "[A] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." [*State v.*] *Wilson* [,2d Dist. Montgomery No. 22581, 2009-Ohio-525] at ¶ 12. *See Eastley v. Volkman,* 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, ¶ 19 (" 'manifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion"). When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed

and a new trial ordered." [*State v.*] *Thompkins,* 78 Ohio St.3d [380,] 387, 678 N.E.2d 541 [(1997)], citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson,* 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997). However, we may determine which of several competing inferences suggested by the evidence should be preferred. *Id.* The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence. *Wilson*, at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin* at 175.

*State v. Robinson*, 2d Dist. Montgomery No. 26710, 2016-Ohio-4723, ¶ 17-18.

**{¶ 9}** R.C. 2921.31(A) provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

**{¶ 10}** As counsel for Benton further acknowledges, this Court has recognized that " '[f]leeing from a police officer who is lawfully attempting to detain the suspect . . ., is an affirmative act that hinders or impedes the officer in performance of the officer's duties as a public official and is a violation of R.C. 2921.31 * * *.' " *State v. Branham*, 2d Dist. Montgomery No. 22480, 2008-Ohio-5158, ¶ 10, quoting *State v. Kates*, 169 Ohio App.3d

766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 24 (10th Dist.)

{¶ 11} At trial, Benton did not testify on his own behalf and presented no witnesses. He thoroughly cross-examined the State's witnesses, and no inconsistencies were revealed nor motivations to be untruthful. The jury clearly credited the testimony of the State's witnesses, and we defer to the jury's assessment of credibility. Having thoroughly reviewed the entire record, we conclude that this potential assignment of error is wholly frivolous.

{¶ 12} Benton's second potential assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING MR. BENTON TO A

TWELVE-MONTH SENTENCE.

{¶ 13} Counsel for Benton notes that although "community control sanctions are mandatory for some offenders convicted of a fifth-degree felony, [Benton] did not fit into this category because he had previous felony convictions." Counsel for Benton acknowledges that although "the trial court was not obligated to explain its reasoning for a maximum sentence, it indicated that Mr. Benton's previous felony convictions and the 'significant risk of injury to the public and police officers' created 'by running . . . across the highway' were factors in its decision."

{¶ 14} As this Court recently noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016–CA–28, 2016–Ohio–7415, ¶ 6, citing *State v. Marcum,* 146 Ohio St.3d 516,

2016–Ohio–1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer,* 2013–Ohio–5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016–CA–33, 2017–Ohio–217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson,* 2d Dist. Montgomery No. 25026, 2012–Ohio–5797, ¶ 62. *Accord State v. Terrel,* 2d Dist. Miami No. 2014–CA–24, 2015–Ohio–4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle,* 2016–Ohio–4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). It follows, then, that " 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory purposes and

principles of sentencing as well as the statutory seriousness and recidivism factors.' " *State v. Walden,* 2d Dist. Clark No. 2014–CA–84, 2016–Ohio–47, ¶ 7, quoting *State v. Martin,* 2d Dist. Clark No. 2014–CA–69, 2015–Ohio– 697, ¶ 8.

*State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 5-6.

**{¶ 15}** Benton's twelve-month sentence is within the statutory range for a felony of the fifth degree. R.C. 2929.14(A)(5) provides that "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." The court at sentencing indicated that Benton had prior felony offenses and he was on both federal probation supervision and post-release control at the time of the instant offense. R.C. 2929.13(B)(1)(b)(x) provides that a court has the discretion to impose a prison term when the offender has previously served a prison term. The court indicated that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. As counsel for Benton notes, it was significant to the court that Benton endangered the officers at the scene and the public by fleeing across the highway. For the foregoing reasons, we conclude that Benton's second potential assignment of error is wholly frivolous.

**{¶ 16}** Having fulfilled our responsibilities pursuant to *Anders*, and since Benton's appeal lacks any arguable merit, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Andrew T. French
Andrew C. Schlueter
Richard Benton
Hon. Barbara P. Gorman